```
            IN THE UNITED STATES DISTRICT COURT
           FOR THE WESTERN DISTRICT OF TENNESSEE
                      WESTERN DIVISION
```
_____

DOMINIQUE CURRY,                )
                                )
    Plaintiff,                  )
                                )
v.                              )
                                )    No. 11-cv-02912
BROTHERS INTERNATIONAL, L.P.,   )
                                )
    Defendant.                  )

_____

**REPORT AND RECOMMENDATION**
_____

Before the court by order of reference is defendant Brother Industries (U.S.A.) Inc.'s ("Brother"), improperly sued as Brothers International, L.P., Motion to Dismiss or, in the Alternative, Motion for Summary Judgment. (ECF No. 32.) Plaintiff Dominique Curry ("Curry"), *pro se,* filed a response in opposition on April 11, 2013. (ECF No. 38.) For the reasons below, it is recommended that Brother's motion be granted.

**I.  PROPOSED FINDINGS OF FACT**

As a preliminary matter, the proposed findings of fact, proposed conclusions of law, and recommendation contained in the instant Report and Recommendation are substantially identical to those contained in a Report and Recommendation submitted by Magistrate Judge Charmiane G. Claxton in Curry v. Aerotek, No.

2:11-cv-02913-SHM-cgc ("Aerotek case"). Curry filed the Aerotek case on October 14, 2011, on the same day that she filed her complaint against Brother. The allegations contained in the two complaints are identical - she alleges sex discrimination in connection with her termination from employment on August 5, 2011. Judge Claxton's Report and Recommendation submitted in the Aerotek case recommended granting summary judgment for Aerotek based on judicial estoppel (the same grounds relied upon by Brother in its motion). On June 18, 2013, the court adopted Judge Claxton's Report and Recommendation, and entered judgment in favor of Aerotek. The undersigned Magistrate Judge sees no reason to depart from Judge Claxton's well-reasoned Report and Recommendation in analyzing Brother's motion.

## A.  Information Contained in the Pleadings

Initially, the court will summarize Curry's pleadings and the bankruptcy court record.[1]  Curry alleges that, on or about August 5, 2011, she was discriminated against on the basis of sex when Brother terminated her employment. (Compl. ¶¶ 1, 5, 9, 10.) Curry filed charges of discrimination with the Tennessee Fair Employment Commission and the Equal Employment Opportunity Commission ("EEOC") on August 8, 2011. (Compl. ¶¶ 6, 7 & Exh. 1.)  The EEOC issued a

---

[1]This court may take judicial notice of and consider filings from Curry's bankruptcy court proceeding whether it considers the instant motion as a motion to dismiss or converts it to a motion for summary judgment. See Hamlin v. Baptist Mem. Hosp., No. 09-2615, 2011 WL 902351, *2 n.1 (W.D. Tenn. Jan. 27, 2011).

dismissal and notice of rights, or "right-to-sue letter," to Curry on August 12, 2011. (Compl. ¶ 8 & Exh. 1.)

On August 15, 2011, Curry filed a bankruptcy petition ("Petition")[2] in the United States Bankruptcy Court for the Western District. (Def.'s Memo. in Support of Mot. for Summ. J. ("Def.'s Memo."), Exh. 1.) In Curry's Petition, she was asked to complete the following information on question 4 of her Statement of Financial Affairs: "List all suits and administrative proceedings to which the debtor is or was a party within one year immediately preceding the filing of this bankruptcy case"; Curry left this question blank. (Petition at 24.) On Schedule B, titled "Personal Property," Curry was also asked to list any "[o]ther contingent and unliquidated claims of every nature," to which she marked "NONE." (Petition at 9.) At no point in Curry's Petition did she mention her discrimination claim against Brother. Curry declared under penalty of perjury that she read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they were true and correct. (Petition at 28.)

Also on August 15, 2011, Curry filed a Chapter 13 Plan in the bankruptcy court proposing to pay $89.00 per week. (Def.'s Memo., Exh 2 ("Aug. 15, 2011 Proposed Plan").) On August 19, 2011, the

---

[2]The court refers to all of the collective forms in Exhibit 1 as Curry's petition. Exhibit 1 contains multiple forms that are part of Curry's August 15, 2011 filing, including a "Voluntary Petition." (Petition at 3-5.)

bankruptcy court entered an Order Directing Debtor(s) to Make Payments to Trustee, which required Curry to pay $89.00 per week. (Def.'s Memo., Exh. 3.) On September 17, 2011, the bankruptcy court entered an Order Directing Debtor to Change Payments to Trustee, which altered Curry's plan payments to $143.00 per week. (Def.'s Memo., Exh. 5 .) On October 3, 2011, the bankruptcy court entered a Consent Order Amending Chapter 13 Plan, which amended Curry's bankruptcy plan "to include the balance of fines and costs owed to Shelby County and payable to the Clerk of General Sessions Criminal Court creditor." (Def.'s Memo., Exh. 6.) On October 14, 2011, Curry filed her *pro se* complaint in the United States District Court for the Western District.

On October 27, 2011, the bankruptcy court entered an Order Confirming Plan, which confirmed and finalized Curry's plan to pay $143.00 per week. (Def.'s Memo., Exh. 7.) On November 14, 2012, Curry's bankruptcy attorney filed amended property schedules in the bankruptcy court, which added an "[e]xpected EEOC settlement from Brother and Aerotek[3] resulting from a discrimination suit." (Def.'s Memo., Exh. 9, ("Am. Prop. Schedules" at 2, 4).) Curry listed the current value of the claims against Brother and Aerotek as $22,000.00. (Am. Prop. Schedules at 2, 4.)

---

[3]Aerotek is not a named defendant in the instant case. Brother's motion refers to Curry's action against Aerotek as a "related lawsuit against another company." (Def.'s Memo. at 4.) As stated, the facts of the Aerotek case are virtually identical to the instant case.

**B. Information Outside the Pleadings**

On November 8, 2012, information regarding Curry's bankruptcy and discrimination claims came to light during her deposition in the Aerotek case. (Def.'s Memo., Exh. 8 ("Pl.'s Dep.").) According to her deposition testimony, Curry filed her Petition on August 15, 2011 with the assistance of a law firm. (Pl.'s Dep. 37:18-38:13.) Curry admits that she read the answers provided in her Petition and understood the importance of the accuracy of her answers. (Pl.'s Dep. at 188:5-17, 192:15-193:10.) Curry further admits that she filed the Petition under penalty of perjury. (Pl.'s Dep. 187:18-188-9.) Curry admits that she responded "none" when the Petition asked her to list suits and administrative proceedings, executions, garnishments, and attachments. (Pl.'s Dep. 190:11-191:20; see also Petition at 24.) Curry states that she did not understand the question correctly or "didn't know what this was going to lead to" because it was her "first time going through something like this." (Pl.'s Dep. at 191:21-193:11.) Although Curry states that she utilized a law firm to file bankruptcy, she states that she did not ask a lawyer for help in answering the question regarding the status of administrative proceedings. (Pl.'s Dep. at 191:25-192:14.)

**II. PROPOSED CONCLUSIONS OF LAW**

**A. *Pro se* Litigants**

The court initially notes that Curry is proceeding as a *pro se* litigant in this matter. Pleadings filed by *pro se* litigants are to be "construed more liberally than pleadings drafted by lawyers." Williams v. Browman, 981 F.2d 901, 903 (6th Cir. 1992); see also Franklin v. Nusbaum, No. 1:11CV1848, 2013 WL 587570, at *2 (N.D. Ohio Feb. 13, 2013) (noting that affording plaintiffs' briefs a liberal interpretation is appropriate for *pro se* filings). While *pro se* litigants are afforded this less stringent standard, "*pro se* plaintiffs are not automatically entitled to take every case to trial . . . . [and] 'the lenient treatment generally accorded to *pro se* litigants has limits.'" Pilgrim v. Littlefield, 92 F.3d 413, 416 (6th Cir. 1996) (quoting Jourdan v. Jabe, 951 F.2d 108, 110 (6th Cir. 1991)); see also Combs v. Taylor Cnty. Det. Ctr., No. 1:13CV-8-R, 2013 U.S. Dist. LEXIS 63564, at *2 (W.D. Ky. May 3, 2013) (same). The Sixth Circuit has held that there is no requirement to provide non-prisoner *pro se* litigants the benefit of special assistance with respect to summary judgment motions. Brock v. Hendershott, 840 F.2d 339, 342-43 (6th Cir. 1988). The court in Brock decided to afford *pro se* non-prisoner litigants no special assistance "out of a sense of fairness to other parties who choose counsel and must bear the risk of their attorney's mistakes. Thus, a litigant who chooses *himself* as a legal representative should be treated no differently." Brock, 840 F.2d at 343 (emphasis in original) (quoting Jacobsen v. Filler, 790 F.2d 1362, 1364–65 (9th

Cir. 1986) (internal quotation marks omitted)); see also Bass v. Wendy's of Downtown, Inc., No. 12-3575, 2013 WL 2097359, at *2 (6th Cir. May 16, 2013) ("[N]on-prisoner *pro se* litigants are treated no differently than litigants who choose representation by attorneys.").

**B.   Rule 12(b)(6) Dismissal**

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that a claim may be dismissed for failure to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). In addressing a motion to dismiss under Rule 12(b)(6), "a court must construe the complaint in the light most favorable to plaintiffs and accept all well-pled factual allegations as true." UPS, Inc. v. Air Transp. Int'l, No. 3:12-CV-561, 2013 WL 2180788, at *2 (W.D. Ky. May 20, 2013) (quoting League of United Latin Am. Citizens v. Bredesen, 500 F.3d 523, 527 (6th Cir. 2007) (internal quotations omitted)). A plaintiff can support a claim "by showing any set of facts consistent with the allegations in the complaint." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 563 (2007). This standard requires more than bare assertions of legal conclusions. Bovee v. Coopers & Lybrand C.P.A., 272 F.3d 356, 361 (6th Cir. 2001). "[A] formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555. Any claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Erickson v. Pardus, 551 U.S. 89, 93 (2007)

-7-

(quoting Fed. R. Civ. P. 8(a)(2)). "Specific facts are not necessary; the statement need only give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests." Id. (citing Twombly, 550 U.S. at 555) (internal quotations omitted).

Nonetheless, in order to survive a motion to dismiss, a complaint must contain sufficient facts to "state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that defendant has acted unlawfully." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 556). Stated differently, "the court must be able to draw a reasonable inference that the defendant is liable for the misconduct alleged." KSR Int'l Co. v. Delphi Auto. Sys., No. 12-2063, 2013 WL 1749336, at *1 (6th Cir. Apr. 23, 2013) (quoting Iqbal, 556 U.S. at 678). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 555). A plaintiff with no facts and "armed with nothing more than conclusions" cannot "unlock the doors of discovery." Id. at 678-79.

**C. Rule 56 Summary Judgment**

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment shall be granted if the movant shows that "no genuine

dispute as to any material fact" exists, such that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The movant can show the absence of a genuine dispute of material fact using "materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials." Fed. R. Civ. P. 56(c). Although hearsay evidence may not be considered on a motion for summary judgment, Jacklyn v. Schering-Plough Healthcare Prods. Sales Corp., 176 F.3d 921, 927 (6th Cir. 1999), evidentiary materials presented to avoid summary judgment otherwise need not be in a form that would be admissible at trial. Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986); see also McGuire v. Mich. Dep't of Cmty. Health, No. 12-1378, 2013 WL 1943892, at *2 (6th Cir. May 9, 2013) (stating inadmissible evidence may be produced to defeat a motion for summary judgment). The movant carries the burden of proving the absence of a genuine issue of material fact, and all evidence and justifiable inferences are drawn in favor of the non-movant. Celotex, 477 U.S. at 323; see also Galloway v. Anuszkiewicz, No. 12-3367, 2013 WL 1149679, at *3 (6th Cir. Mar. 21, 2013) ("When determining whether the movant has met [its] burden, we view the evidence in the light most favorable to the nonmoving party."). Summary judgment is proper "against a party who fails to make a showing sufficient to

establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322. The moving party can prove the absence of a genuine issue of material fact by showing that there is a lack of evidence to support the nonmoving party's case. Id. at 325. This may be accomplished by submitting affirmative evidence negating an essential element of the nonmoving party's claim, or by attacking the nonmoving party's evidence to show why it does not support a judgment for the nonmoving party. 10a Charles A. Wright et al., Federal Practice and Procedure § 2727 (2d ed. 1998).

Once the moving party has submitted a properly supported motion for summary judgment, if the non-moving party fails to address the moving party's assertion of fact, the court may consider the fact undisputed for purposes of the motion. Fed. R. Civ. P. 56(e)(2). A genuine issue for trial exists if the evidence would permit a reasonable jury to return a verdict for the nonmoving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); see also Stanciel v. Donahoe, No. 11-11512, 2013 WL 1914314, at *1 (E.D. Mich. May 8, 2013) (same). To avoid summary judgment, the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Corp, 475 U.S. 574, 586 (1986); see also Nilles v. Givaudan Flavors Corp., No. 12-3673,

2013 WL 1272554, at *7 (6th Cir. Mar. 29, 2013) (rejecting the argument that courts must accept any remotely possible hypothetical that would further the plaintiff's cause).

**D.   Treating Rule 12(b)(6) Motion to Dismiss as Rule 56 Motion for Summary Judgment**

The court must determine whether to consider the instant motion as a motion to dismiss pursuant to Rule 12(b)(6) or as a motion for summary judgment pursuant to Rule 56. Under Rule 12(d), "[i]f, on a motion under Rule 12(b)(6) . . . , matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment." Fed. R. Civ. P. 12(d). Brother correctly notes in its motion that the court may dismiss an action on the basis of judicial estoppel under either Rule 12(b)(6) or Rule 56. See, e.g., Hamlin v. Baptist Mem'l Hosp., No. 09-2615, 2011 WL 90128, at *1-2 (W.D. Tenn. Mar. 14, 2011) (granting Rule 12(b)(6) motion to dismiss on grounds of judicial estoppel); Cook v. St. John Health, No. 10-10016, 2013 WL 2338376, at *1 (E.D. Mich. May 29, 2013) (granting Rule 56 motion for summary judgment on grounds of judicial estoppel). "It is within the trial court's discretion to determine whether to convert a motion to dismiss into a motion for summary judgment." Swanigan v. Northwest Airlines, Inc., 718 F. Supp. 2d 917, 922 (W.D. Tenn. 2010) (citing Ball v. Union Carbide Corp., 385 F.3d 713, 719 (6th Cir. 2004)). In the instant case, the court will consider not only the pleadings and Curry's bankruptcy filings, but also Curry's

-11-

deposition in the Aerotek case. Under these circumstances, the court believes that it would be more appropriate to convert the instant motion into a motion for summary judgment. See White v. Wyndham Vacation Ownership, Inc., 617 F.3d 472, 475-76 (6th Cir. 2010) (affirming district court's order converting Rule 12(b)(6) motion to dismiss into a motion for summary judgment and granting summary judgment on grounds of judicial estoppel).

**E.  Doctrine of Judicial Estoppel**

Turning to the merits of the instant motion, the sole issue is whether Curry should be judicially estopped from proceeding in the instant case due to her representations to the bankruptcy court. In relevant part, § 521 of the United States Bankruptcy Code mandates that debtors must file a "schedule of assets and liabilities, a schedule of income and current expenditures, and a statement of the debtors financial affairs[.]"  11 U.S.C. § 521(a)(1).  Additionally, "[i]t is well-settled that a cause of action is an asset that must be scheduled under § 521." Lewis v. Weyerhaeuser Co., 141 F. App'x 420, 424 (6th Cir. 2005); see also Garrett v. Univ. Hosps. of Cleveland, No. 1:12 CV 2371, 2013 WL 2186116, at *1 (N.D. Ohio May 21, 2013).  This disclosure requirement is a continuing duty "and a debtor is required to disclose all potential causes of action." Lewis, 141 F. App'x at 424 (quoting In re Costal Plains, Inc., 179 F.3d 197, 208 (5th Cir. 1999) (internal quotations omitted)); see also Kimberlin v. Dollar

-12-

General Corp., No. 12-3584, 2013 WL 1136563, at *3 (6th Cir. Mar. 20, 2013) (finding a debtor had a duty to disclose a potential claim arising from her employment termination, which occurred forty-one days after her final payment in her bankruptcy plan was made).

The doctrine of judicial estoppel "generally prevents a party from prevailing in one phase of a case on an argument and then relying on a contradictory argument to prevail in another place." New Hampshire v. Maine, 532 U.S. 742, 749 (2001). Judicial estoppel "is utilized in order to preserve the integrity of the courts by preventing a party from abusing the judicial process through cynical gamesmanship." White, 617 F.3d at 476 (quoting Browning v. Levy, 283 F.3d 761, 775 (6th Cir. 2002) (internal quotations omitted)).

The United States Supreme Court has identified three considerations that are typically relevant for determining if judicial estoppel should apply:

> (1) a party's later position must be clearly inconsistent with its earlier position; (2) whether the party has succeeded in persuading a court to accept that party's earlier position, so that judicial acceptance of an inconsistent position in a later proceeding would create the perception that either the first or the second court was mislead; and (3) whether the party seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped.

New Hampshire, 532 U.S. at 750–51. But the Supreme Court continued, noting that the factors are not "inflexible

prerequisites or an exhaustive formula for determining the applicability of judicial estoppel." Id. at 751. The Sixth Circuit has urged courts to apply the doctrine of judicial estoppel with caution in order to "avoid impinging on the truth-seeking function of the court, because the doctrine precludes a contradictory position without examining the truth of either statement." Eubanks v. CBSK Fin. Group., Inc., 385 F.3d 894, 897 (6th Cir. 2004) (quoting Teledyne Indus., Inc. v. NLRB, 911 F.2d 1214, 1218 (6th Cir. 1990) (internal quotations omitted)).

In the bankruptcy context, the Sixth Circuit has established three factors to support a finding of judicial estoppel:

> (1) [a party] assumed a position contrary to the one that [the party] asserted under oath in the bankruptcy proceeding; (2) the bankruptcy court adopted the contrary position either as a preliminary matter or as part of a final disposition; and (3) [the party's] omission did not result from mistake or inadvertence.

White, 617 F.3d at 478. To determine if conduct was the result of mistake or inadvertence, the Sixth Circuit considers whether "(1) [the party] lacked knowledge of the factual basis of the undisclosed claims; (2) [the party] had a motive for concealment; and (3) the evidence indicates an absence of bad faith." Id.

Curry has not contested that she assumed a contrary position earlier in her bankruptcy proceeding. In fact, Curry stated in her bankruptcy Petition that she had no "contingent and unliquidated claims" and no "suits or administrative proceedings." The omission of her discrimination claim against Brother "essentially state[s]

-14-

that the [discrimination] claim did not exist" and that assertion was contrary to her "later assertion of the [discrimination] claim before the district court." White, 617 F.3d at 479. Thus, the court submits that there is no genuine dispute of material fact as to whether Curry assumed a contrary position in her bankruptcy proceeding.

Additionally, Curry does not contest that the bankruptcy court adopted this contrary position by confirming the finalized bankruptcy plan on October 27, 2011. It is therefore submitted that there is no genuine dispute of material fact as to whether the bankruptcy court adopted Curry's contrary position.

Finally, the court submits that there is no genuine dispute of material fact as to whether Curry's omission to the bankruptcy court was the result of mistake or inadvertence. Curry was aware of the factual basis of her claims when she filed charges of discrimination with the Tennessee Fair Employment Commission and the EEOC on August 8, 2011. Curry was further aware of her opportunity to follow her administrative charges with a suit when she received her right-to-sue letter from the EEOC on August 13, 2011. Similar to the plaintiff in White, Curry received her EEOC notice of right to sue prior to filing bankruptcy and thus "had knowledge of the factual basis of the undisclosed harassment claim, since she had already filed a complaint before the EEOC." Id. at 479; see also Thomas v. Proctor and Gamble Distrib., No. 1:11-cv-

796, 2012 WL 4107968, at *3 (S.D. Ohio Sept. 19, 2012) ("Plaintiff's EEOC filing makes clear that she had knowledge of the facts forming the basis of her discrimination claim[]. . . ."). Yet, when Curry filed her Petition on August 15, 2011 — mere days later — she did not reference either.

Additionally, Curry has a motive to conceal the claim because "[i]t is always in a Chapter 13 petitioner's interest to minimize income and assets." Lewis, 141 F. App'x at 426; see also Johnson v. Interstate Brands Corp., No. 07-2227B, 2008 WL 152895, at *4 (W.D. Tenn. Jan. 14, 2008) (holding a motive to conceal can be inferred from the omission itself, because by omitting the claims, the debtor could keep any proceeds for herself and not have them become part of the bankruptcy estate). Specifically, if the discrimination claim became a part of her bankruptcy estate, then the proceeds from it could go towards paying Curry's creditors instead of paying her directly. See White, 617 F.3d at 479. The court finds no evidence to the contrary in Curry's case and submits that she did have a motive to conceal the claim.

To evidence an absence of bad faith, Curry must demonstrate "her attempts to correct her initial omission." Id. at 480. Curry did amend her Petition on November 14, 2012, but did so over a year after filing the present case. Moreover, Curry did not amend her bankruptcy petition until after she was deposed in the Aerotek case on November 8, 2012, during which time she was informed that her

-16-

bankruptcy Petition was incomplete. (Pl.'s Dep. at 191:21-193:11.) Curry's actions closely resemble those taken by the plaintiff in White, who only "fixed her filings after the opposing party pointed out that those filings were inaccurate." White, 617 F.3d at 481; see also Harrah v. DSW, Inc., 852 F. Supp. 2d 900, 905 (N.D. Ohio 2012) (rejecting the assertion of an absence of bad faith when the plaintiff's "ex post facto" efforts to apprise the bankruptcy court of civil claims only occurred in reaction to a judicial estoppel argument); Swanigan, 718 F. Supp. 2d at 926 ("This so-called remedy would only diminish the necessary incentive to provide the bankruptcy court with a truthful disclosure of the debtor's assets."). Furthermore, even though Curry eventually filed amended property schedules on November 14, 2012, to reference her claims, she did not amend her bankruptcy Petition to fully disclose the current matter. Curry only amended Schedule B and did not amend her Statement of Financial Affairs to reflect the current litigation. The Sixth Circuit in White found that partial amendments are inadequate to evidence an absence of bad faith. See White, 617 F.3d at 481 ("[The plaintiff] did not adequately fix those filings, but instead, only updated a part of them (so that they still did not reflect the estimated value of the lawsuit)."). Given Curry's untimely and inadequate attempts to inform the bankruptcy court of her claim against Brother, Curry's amendment is insufficient evidence of an absence of bad faith. As such, the

court submits that Curry's omission did not result from mistake or inadvertence. Therefore, the court submits that judicial estoppel bars Curry's discrimination claim against Brother.

### III. RECOMMENDATION

For the reasons above, it is recommended that Brother's motion be converted to a motion for summary judgment and that the motion be granted.

Respectfully submitted,

s/ Tu M. Pham
TU M. PHAM
United States Magistrate Judge

June 19, 2013
Date

**NOTICE**

**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT. 28 U.S.C. § 636(b)(1)(C). FAILURE TO FILE THEM WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**